(November 19, 1898.)

## CORNWELL v. McCOY.

### [55 Pac. 240.]

AGENCY — LOANING MONEY — INTEREST — COMMISSION—USURY.—M. applied to plaintiff by a written application, wherein he appointed plaintiff his agent for the purpose, to procure for him a loan of $600 for a period of five years, with interest at the rate of eight per cent per annum, payable annually. For his services in procuring said loan plaintiff charged M. a commission of ten per cent upon the sum so procured and loaned, M. and his wife giving to plaintiff their notes and mortgage to secure said sum. *Held,* that such charge for commission, in the absence of any proof showing that plaintiff was acting as the agent of party from whom said loan was procured, or that such party was interested in or received any part of the commission so charged, the same did not come within the provision of title 7, chapter 10, Revised Statutes of Idaho, and was not usurious.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

James E. Babb, for Appellant.

The special defense did not allege facts sufficient to constitute a defense. (*Mackey v. Winkler,* 35 Minn. 513, 29 N. W. 337; *Acheson v. Chase,* 28 Minn. 211, 9 N. W. 734; *Nichols v. Osborn,* 41 N. J. Eq. 92, 3 Atl. 155; *Thomas v. Miller,* 39

Minn. 339, 40 N. W. 358; *Secor v. Patterson,* 114 Mich. 37,. 72 N. W. 9; *Merck v. American etc. Mtg. Co.,* 79 Ga. 213, 7 S. E. 266-269.) Usury must be pleaded and must be established by evidence beyond a reasonable doubt. (Jones on Mortgages, 15th ed., sec. 643; *Jefferson v. Burhans,* 85 Fed. 949.)

S. C. Herren, for Respondents.

The defendants contend that the contract upon which this. action is based is usurious and void. The evidence shows and the plaintiff practically admits these notes to be interest notes, but treats them as a commission. If interest notes, then they must be legal interest. The law knows no such term as commission interest. If Mr. Tallmon, the principal, could not charge compound interest, certainly his agent, Mr. Cornwell,. could have no greater or more extensive privileges under the law. The two contracts referred to by plaintiff in his brief are but the ordinary forms used by brokers. (*Banks v. Flint,* 54 Ark. 40, 14 S. W. 769, 16 S. W. 477.) Under sections 1264,. 1265 and 1266 of the Revised Statutes of the state of Idaho, we find the rule laid down governing and defining usury in this state, and in addition to the statute, this court has construed the rule to be that "usury cannot be charged either directly or indirectly." (*Vermont Loan etc. Co. v. Hoffman,* 5 Idaho, 376, 49 Pac. 314; *Warren v. Johnson,* 38 Kan. 768, 17 Pac. 592; *Matthews v. Toogood,* 23 Neb. 536, 37 N. W. 265;. *Thompson v. Ingram,* 51 Ark. 546, 11 S. W. 881; *Horkan v.. Nesbitt,* 58 Minn. 487, 60 N. W. 132; *Fowler v. Equitable Trust Co.,* 144 U. S. 384, 12 Sup. Ct. Rep. 1.)

HUSTON, J.—This is an action brought by plaintiff to foreclose a mortgage on real estate executed by defendants Alfred D. McCoy and Emma H. McCoy, his wife, to plaintiff, Henry Derham, William Kaufman, and E. Kaufman, partners as Derham & Kaufman, are made defendants as subsequent encumbrancers. Alfred D. McCoy and Emma H. McCoy, his wife, made default after personal service. Derham and Kaufman answer, and aver that the plaintiff, acting as the agent of one James H. Tallmon, on the twenty-seventh day of November, 1891, negotiated a loan to said defendants Alfred D. McCoy

and Emma H. McCoy, his wife, of the sum of $600, payable on the first day of December, 1896, at the Mechanics' Saving Bank at Hartford, Connecticut, evidenced by a promissory note to that effect, signed by said Alfred D. McCoy and Emma H. Mc-Coy, to which principal note were attached five coupon notes of even date therewith, said coupon notes bearing the rate of interest of eight per cent per annum after due, and payable to James H. Tallmon; and the said Alfred D. McCoy and Emma H. McCoy, his wife, did at the same time, to wit, on the twenty-seventh day of November, 1891, execute to said James H. Tallmon, as security for the payment of said sum of $600 and the interest thereon as aforesaid, a mortgage upon the real estate described in the complaint: The answer further alleges that the plaintiff, while acting as the agent of said James H. Tallmon, and without any consideration being paid therefor, did exact and require of the said Alfred D. McCoy and Emma H. McCoy, his wife, the payment of the sum of sixty dollars as commission on the said sum of $600 loaned by the said James H. Tallmon to the said Alfred D. McCoy and Emma H. McCoy, his wife, all of which it is alleged was in violation of the statutes of Idaho against usury. The action was tried before the court without a jury, and the judgment rendered in favor of defendants, from which judgment, and from the order overruling his motion for a new trial, the plaintiff takes this appeal.

The facts, as shown by the record, are substantially as follows: The plaintiff was residing at Colfax, in the state of Washington, and was engaged in the procuring of loans upon real estate in the states of Washington and Idaho. The defendant Alfred D. McCoy, through Potter and Coutts, of Kendrick, Idaho, made application to plaintiff to procure for him a loan of $600 for the term of five years, with interest at eight per cent per annum, payable December 1st annually; which application was in writing, signed by the said Alfred D. McCoy, and constituted and appointed the plaintiff his agent for the purpose of procuring said loan. The loan was procured, as would appear from the record, by the plaintiff of one James H. Tallmon, to whom the notes and mortgage securing the same were executed. We find nothing in the record to support the claim of defendants that

in making the said loan plaintiff was acting as the agent of Tallmon, or that he ever received any compensation whatever from said Tallmon for the making of said loan. The witness. Coutts, who was acting for the defendant McCoy in procuring the loan, testified that his commission therefor was paid by plaintiff. We find no evidence in the record warranting or sustaining the finding of the court that "the note sued on and described in the complaint was an interest charge of ten per cent upon the principal sum of $600, taken in the name of said Tallmon." That the plaintiff was the duly constituted and appointed agent of McCoy to procure the loan is clear and unquestioned. That plaintiff received any other compensation for his services than the commission charged McCoy, or that such charge was unreasonable, is not pretended. Nor is it anywhere intimated in the record that Tallmon, directly or indirectly, received any portion thereof. We find nothing in the record bringing the case within any of the provisions of title 7 of chapter 10 of the Revised Statutes of Idaho. Judgment of district court is reversed, with costs to appellant. Cause remanded to district court, with instructions to enter judgment for plaintiff as prayed in complaint.

Sullivan, C. J., and Quarles, J., concur.

---

(November 19, 1898.)

J. E. Babb, for Appellant.

S. C. Herren, for Respondent.

