(December 1, 1898.)

## CORNWELL v. URTON.

[55 Pac. 294.]

EVIDENCE—USURY.-—Evidence examined and found not to support the finding of the court that the notes and mortgage sued on were in violation of the usury laws of Idaho. (See *Cornwell v. McCoy*, ante, p. 219, 55 Pac. 240, and *Cornwell v. Carter*, ante, p. 222, 55 Pac. 240, decided at this term.)

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

James E. Babb, for Appellant.

Usury must be pleaded and must be established by evidence beyond a reasonable doubt. (1 Jones on Mortgages, 5th ed., sec. 643; *Jefferson v. Burhans,* 85 Fed. 949.) Payment by the borrower of commission for services in procuring the loan rendered by a third person acting *bona fide* as the agent or broker for the borrower, and of which commission the lender receives no part, directly or indirectly, can never render the loan usurious, for the plain reason that the lender is no party to the transaction. The fact that the lender is cognizant of the agreement between the borrower and his own agent does not affect the rule so long as the commissions are solely for the latter's benefit. (27 Am. & Eng. Ency. of Law, 1003, and cases cited; *Mackey v. Winkler,* 35 Minn. 513, 29 N. W. 377; *Acheson v. Chase,* 28 Minn. 211, 9 N. W. 734; *Nichols v. Osborn,* 41 N. J. Eq. 92, 3 Atl. 155; *Marck v. American etc Mtg. Co.,* 79 Ga. 213, 7 S. E. 266; *Thomas v. Miller,* 39 Minn. 339, 40 N. W. 358; *Secor v. Patterson,* 114 Mich. 37, 72 N. W. 9.)

James W. Reid, for Respondents.

In this action it is apparent from reading the complaint and answer that the five notes sued on which are respectively one note for thirty-four dollars and four notes for thirty-six dollars each, were given to Harry Cornwell the plaintiff and appellant, as interest, for a loan of money advanced by James H. Tallmon to the respondents in the sum of $1,200. The court having

heard the testimony and found this fact, there was no error in entering up the judgment given. We submit that judgment should be affirmed. (*Vermont Loan etc. Co. v. Hoffman,* 5 Idaho, 376, 49 Pac. 314; Idaho Rev. Stats., sec. 1266.)

HUSTON, J.—The facts in this case are almost identical with the facts in the cases of *Cornwell v. McCoy,* ante, p. 219, 55 Pac. 240, and *Cornwell v. Carter,* ante, p. 222, 55 Pac. 1100, decided at the present term of this court. The plaintiff was applied to by the defendants, through a firm of attorneys, to procure for them a loan of $1,200, for a period of five years, at ten per cent per annum. This application was in writing, and made plaintiff the agent of defendants for the procuration of said loan, and the defendants agreed, by a written instrument signed by the principal defendant, to pay to the plaintiff a certain amount as commissions for procuring said loan, and to secure the payment of such commissions by note and mortgage. The loan was procured by plaintiff, and security given therefor by defendant of one James H. Tallmon, and on the same date defendants executed to plaintiff the notes and mortgage sued on in this action in accordance with defendant Allen Urton's contract theretofore made with plaintiff. Defendants claim, and attempt to prove, that the notes and mortgage given to the plaintiff by them were given to secure interest on the loan made by Tallmon to defendants, but the failure to establish such fact is absolute. As illustrative of the kind of evidence upon which the court based its finding that the mortgage sued on was given for interest on the loan from Tallmon to defendants, we copy from the transcript a portion of the examination of Allen Urton, the principal defendant: "Q. What was the consideration, if you know, of this mortgage [being the mortgage sued on]? A. Is this the Cornwell mortgage? Q. This is the Cornwell mortgage. The Court: The one sued on in this action? A. Well, $178, I think. Q. What was the consideration—what was it for? What did you give the note for? A. It was for three per cent of the interest. Q. Interest on what? A. Three per cent. Q. Interest on what? A. I do not mean 'interest'; it is the interest on the note—on those notes in that mortgage? Q. What mortgage? A. On the Cornwell mort-

gage.  Q.  Well, the Cornwell mortgage, Mr. Urton, is what I am asking about.  Listen to me.  This mortgage that has been introduced in evidence is for $178, payable to Cornwell.  You say it was for interest.  Interest on what?  No answer.  Q. Now, answer it.  What was this interest on?  A.  I do not understand it."  At this point the court, with the laudable intent, unquestionably, of throwing some light on the matter under investigation, interposed as follows: "The Court: Well, I will explain it to you.  It is $178, you say?  A.  Yes, sir.  The Court: Now, interest on what?  What is the interest for? What is that mortgage for?  That is what he wants to know. A.  How much interest?  The Court: Yes; interest on what? No answer."  His honor's interference having simply served to make "confusion worse confounded," counsel for defendant again returns to the conflict with the by this time somewhat threadbare interrogation: "Q.  What was that interest on, Mr. Urton?  A.  It was on the mortgage."  The court, having undiminished confidence in its ability to enlighten the clouded perception of the witness, again propounds: "The Court: What did that grow out of?  Interest on what?  There is $178, you say, for interest.  Interest on what?  A.  On Mr. Cornwell's notes; these five [referring to the notes here sued on].  Q. What were these five notes given to Mr. Cornwell for?  You say they were given for interest.  Interest on what?"  The court, seeing that any further present effort to get an intelligible answer from the witness was useless, makes the following suggestion: "The Court: I think the witness had better go and think about these things awhile."  With the conclusion of the court we are in full accord.  Thereafter the following question was put to the witness by his counsel: "Q.  You say here, Mr. Urton, that you gave Mr. Cornwell a note here.  You signed this mortgage, and gave him these notes for $178, and you say that was interest on something.  What was it interest on?  A. It was interest on the $1,200 note—the Tallmon note."  This witness had already testified that the notes were given for the interest on the Cornwell notes—the notes sued on.  It is due to counsel for appellant that all of this evidence was taken under objection.  Upon his cross-examination the same witness testi-

fied: "Well, I could not say whether this mortgage given to Mr. Cornwell was given to him for his commission or not. No; I do not know, sir. It was a commission mortgage. . . . . I do not know whether it was given to Mr. Cornwell to secure money due for him for commission; I could not say. The Court: Can you say it was not, is the question, given for commission? A. Well, I presume it was given for that. I do not know whether it was or not. I could not state positively." Much more testimony of the same kind was given by this witness, equally uncertain, unsatisfactory, and inconclusive; and this, in the face of a written contract signed by said defendant Allen Urton, wherein he appoints the plaintiff his agent to procure for him a loan of $1,200, and agrees to pay him a commission for his services in negotiating such loan equal to the difference between ten per cent and the rate of interest at which he may procure said loan. The defendants do not attempt to deny the contract made with plaintiff to procure the loan; nor do they intimate that he received any other compensation from the defendants or anyone else. Neither is there any evidence whatever that plaintiff was acting for or on behalf of the party making the loan, or that said party had or received, directly or indirectly, any part of the compensation going to the plaintiff. We find no evidence in the record supporting the finding of the court that the notes and mortgage sued on in this action "were for interest, and in violation of the usury law of Idaho." The judgment is reversed, and the cause remanded to the district court, with instructions to enter judgment for plaintiff in accordance with the prayer of complaint.

Sullivan, C. J., and Quarles, J., concur.